UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA K. POWELL,<br>  P.O. Box 6971<br>  Alexandria, LA 71307,<br><br>    Plaintiff,<br><br>        v.<br><br>RONALD A. ROSENFELD,<br>  Chairman, Federal Housing<br>  Financing Board,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civ. Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Preliminary Statement**

1.)  This is an action by Barbara K. Powell, a Caucasian woman who has engaged in protected EEO activity against defendant, including as the Aggrieved Party in the agency discrimination complaint process; as the Complainant before the EEOC; and as the plaintiff in Powell v. Rosenfeld ("Powell I"), C.A. No. 04-0423 (RMU).  It seeks redress for defendant's discrimination and retaliation and arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16.

2.)  Ms. Powell prevailed in part before the EEOC, in a decision issued in early March of 2004.  She initiated Powell I on March 16, 2004, and the case has been on-going since then.

3.)  On October 26, 2004, defendant issued a performance appraisal to plaintiff for Fiscal Year 2004.  The substance of the appraisal was at the Marginally Acceptable level, although

1

nominally denominated Acceptable, and caused plaintiff to be denied an otherwise automatic increase in salary and to be eliminated for a performance bonus otherwise due her.

4.) Plaintiff's FY 2004 appraisal and its resultant adverse effects on plaintiff's pay were the products of defendant's sex discrimination and retaliation against plaintiff for her protected EEO activity.

5.) Further, following plaintiff's initiation and prosecution of Powell I, defendant continued to denigrate plaintiff's work performance without cause and wrongfully attempt to secure the termination of her employment which, by these actions and others, subjected plaintiff to a hostile and abusive work environment and to individual acts of retaliation and discrimination.

6.) To redress defendant's unlawful conduct, plaintiff seeks:  a.) a declaration that defendant's actions violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16; b.) injunctive relief; c.) backpay; d.) compensatory damages; and e.) an award of the attorneys' fees and costs incurred in the prosecution of this action and the administrative and EEOC proceedings which preceded it.

**Parties, Jurisdiction, And Venue**

7.) Plaintiff Barbara K. Powell is a Caucasian female who, at all times relevant until April 15, 2005, was employed by the Office of Inspector General of the Federal Housing Finance Board as counsel to the Inspector General.  Ms. Powell participated in

and continues to participate in protected EEO activity against defendant in the agency discrimination complaints process, before the EEOC, and in a civil action in this judicial district. Ms. Powell is presently 58 years of age and resides at the address recited in the caption of this Complaint.

8.) Defendant Ronald A. Rosenfeld is the Chairman of the Federal Housing Finance Board, the mission of which includes regulating the 12 Federal Home Loan Banks that were created by Congress in 1932 to improve the supply of funds to local lenders which, in turn, finance loans for home mortgages. The agency's Office of Inspector General is the entity within the Federal Housing Finance Board which formerly employed plaintiff. Its mission includes preventing and detecting fraud, waste, and abuse by individuals and entities who are employed by and engage in activities regulated by the agency. Defendant is sued in his official capacity only.

9.) Jurisdiction of this Court is based upon 28 U.S.C. §1332; 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-5(c)). Venue lies here pursuant to 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000-5(f)(3)), because the actions of defendant at issue occurred in this judicial district, where plaintiff was employed, and where records pertaining to plaintiff's employment were maintained.

**Statement Of Facts**

**Background**

10.) Plaintiff Barbara K. Powell is a highly accomplished attorney who has served as an Administrative Law Judge for the Social Security Administration since April 15, 2005. Ms. Powell qualified as a federal Administrative Law Judge after rigorous competition administered by the U.S. Office of Personnel Management. In her current position, Ms. Powell is responsible for adjudicating all aspects of appeals of contested matters before the Social Security Administration, which arise generally under the Social Security Act, P.L. 74-271 (49 Stat. 620), as amended.

11.) Before beginning her employment with defendant, Ms. Powell held increasingly responsible positions as an attorney in the public and private sectors, including in the General Counsel's Offices of three multinational natural resources corporations; as a Supervisory Attorney with the Federal Deposit Insurance Corporation; and in the Legislation and Regulations division of the Office of General Counsel of the U.S. Department of Commerce. Ms. Powell graduated from the University of Houston School of Law in 1973.

12.) Ms. Powell was selected for the position of Counsel to the Inspector General in February of 1999 by Edward Kelley, the Inspector General of the Federal Housing and Finance Board ("FHFB," "defendant," or "the agency"). In that position, which was a permanent part-time position, Ms. Powell was responsible

for providing legal advice to the Inspector General and supervising and carrying out the legal affairs of the Office of Inspector General. Ms. Powell's employment with the FHFB ended when she began her position as an Administrative Law Judge with the Social Security Administration, on or about April 15, 2005.

### Prior Protected Activity

13.) Despite her efforts, superior performance, and considerable successes as Counsel to the Inspector General, Mr. Kelley subjected Ms. Powell to discrimination on account of her sex and targeted her for retaliation in many aspects of the terms, conditions, compensation, and privileges of her employment.

14.) Mr. Kelley's actions included, but were not limited to, failing to select Ms. Powell for a permanent position as Counsel to the Inspector General or to convert her position to permanent; reducing Ms. Powell's work hours as part-time Counsel; placing Ms. Powell on a Performance Improvement Plan; proposing to remove Ms. Powell from the service; reprimanding Ms. Powell; issuing Ms. Powell one or more performance appraisals at unjustifiably low levels; and attempting to terminate Ms. Powell's employment. Mr. Kelley also rendered Ms. Powell's work environment severely, pervasively, and actionably abusive and hostile.

15.) In order to contest the foregoing actions and others, Ms. Powell first expressed opposition to Mr. Kelley's unlawful

employment practices in her mid-year performance review session on June 11, 2001.

16.) Ms. Powell also participated in protected EEO activity as the Aggrieved Party in the agency EEO complaints process on one or more occasions, among them agency Nos. OCR-2002-01, 2003-01, 02; 2005-01; and 2006-01.

17.) Ms. Powell also engaged in protected EEO activity by participating as the Complainant in proceedings before the Equal Employment Opportunity Commission ("EEOC") on one or more occasions, among them Nos. 100-A2-7671; and 01A65013.

18.) Ms. Powell also engaged in protected EEO activity by participating as the plaintiff in <u>Powell v. Rosenfeld</u> ("<u>Powell I</u>"), C.A. No. 04-0423 (RMU), which she initiated on March 16, 2004, and has been pursuing ever since.

### **Protected Activity Leading Up To Powell I**

19.) Mr. Kelley first became aware of plaintiff's protected EEO opposition and that it focused on him on June 11, 2001, by having participated as the rating official in Ms. Powell's mid-year performance review session for Fiscal Year 2001.

20.) Mr. Kelley first became aware of plaintiff's participation in protected EEO activities and that they focused on him on July 21, 2001, during the informal counseling phase of agency No. OCR-2001-01.

21.) The EEOC Administrative Judge who over No. 100-A2-7671X and the hearing in that case issued an Order on September 4, 2003, advising the parties that she "intend[ed] to issue a

decision in favor of the Complaint on Claim Two," Ms. Powell's claims of retaliation.

22.) On December 19, 2003, the presiding EEOC Administrative Judge in No. 100-A2-7671X issued a Notice advising the parties that she intended to issue a decision which, in part, would find in Ms. Powell's favor.

23.) In pertinent part, the EEOC's Notice stated:

> Given the imminent issuance of a decision in this matter … [t]he parties are put on notice that I intend to include a finding in favor of the Complainant on the issue of retaliation relating to her Performance Appraisal. I also intend to find that there was a *per se* violation of Title VII regarding the Performance Improvement Plan.

24.) In early March of 2003, the presiding EEOC Administrative Judge in No. 100-A2-7671X issued a Decision in which she found in Ms. Powell's favor on two of her claims of retaliation.

25.) In pertinent part, the EEOC's decision stated:

> I find that Complainant demonstrated a prima facie case of retaliation concerning the Letter of Reprimand Kelley issued her [on August 20, 2001] … I find that Complainant showed that Kelley's reasons for the memo were pretextual.
>
> On June 21, 2002, after giving Complainant a mid-year review of unacceptable, Kelley gave her a notice of unsatisfactory performance and placed her on a 60 day performance improvement plan (PIP) … He stated that the PIP itself was necessary in part because she 'repeatedly threaten[ed] legal action against [him] for giving feedback on her work.' I also find that the PIP action was severe because Kelley left her on it well after she had satisfied the requirements.
>
> I find the Agency committed a per se act of unlawful retaliation when Kelley issued Complainant the PIP … Here … he created a chilling effect that restricted

7

and interfered with Complainant's right to avail herself of the EEO process.

26.) Plaintiff initiated <u>Powell I</u> on March 16, 2004. Defendant responded before answering by filing two dispositive motions; the first on November 16, 2004, the second on January 14, 2005.

27.) The Court struck defendant's first dispositive motion in a Minute Order issued on November 30, 2004.

28.) The Court denied defendant's second dispositive motion in part in a Memorandum Opinion and Order issued on September 26, 2005.

29.) From June 11, 2001, forward, defendant continuously had knowledge of Ms. Powell's protected EEO activities including, but not limited to, those identified above in paragraphs 19 through 27.

**Continued Discrimination and Retaliation**

30.) On October 26, 2004, defendant issued a performance appraisal to Ms. Powell for Fiscal Year 2004.

31.) The FY 2004 performance appraisal that defendant issued to Ms. Powell was at the Marginally Acceptable level, although nominally denominated Acceptable, below a Fully Successful rating and the second lowest of five categories of performance ratings.

32.) Defendant's FY 2004 appraisal of Ms. Powell's performance rated Ms. Powell as Marginally Acceptable in every Key Area of Responsibility, although it nominally denominated them Acceptable, and falsely stated, among other matters, that

Ms. Powell's reviews of reports by the Office of Inspector General were not thorough; that plaintiff did not exercise independent legal judgment; and that she refused Inspector Kelley's requests for written and oral briefings.

33.) Defendant's FY 2004 appraisal of Ms. Powell's performance caused her to be denied an otherwise automatic increase in salary and to be eliminated for a performance bonus otherwise due her, were she to have been rated Fully Successful, Commendable, or Outstanding.

34.) Defendant issued Ms. Powell the foregoing performance appraisal for FY 2004 in order to discriminate against plaintiff on account of her sex, and to retaliate against plaintiff on account of her protected opposition to defendant's unlawful employment practices and her protected participation in EEO proceedings to contest defendant's unlawful employment practices.

35.) Throughout the period following plaintiff's initiation and prosecution of <u>Powell I</u>, defendant repeatedly denigrated plaintiff's work performance by describing her work, among other ways, as "shoddy;" stating that "[h]er work product is weak on analysis, with reasoning that lay people can pick apart;" stating that plaintiff's attempts to defend her work were "venomous" and lies; repeating these characterizations of plaintiff's work to staff members in the Office of Inspector General; attempting to explain its retaliation toward plaintiff by stating publicly that plaintiff was the kind of individual who sued her brother; and

9

attempting to terminate her employment involuntarily and without cause.

36.) In the foregoing ways and others, defendant subjected plaintiff to a severely and pervasively hostile and abusive work environment, groundlessly denigrated her work abilities and performance, and subjected her to individual acts of discrimination and retaliation.

### Exhaustion Of Administrative Remedies

37.) Ms. Powell timely initiated and pursued the administrative complaints processes on several occasions, and amended her complaints during those processes, in order to contest the discriminatory and retaliatory actions that are the subjects of this Complaint, which was also timely initiated.

38.) Ms. Powell initiated the informal administrative EEO complaints process on December 3, 2004, and August 21, 2005; filed formal complaints of discrimination on January 14, 2004, and October 18, 2005, and amended them thereafter; and pursued relief before the Equal Employment Opportunity Commission in two separate proceedings. The first of these proceedings concluded with the EEOC's issuance of a Decision on June 28, 2007; in less than ninety days, Ms. Powell initiated this suit. The second EEOC proceeding remanded Ms. Powell's final complaint to the agency for processing and investigation on June 5, 2006. On August 30, 2006, after the agency issued an adverse Final Agency Decision, Ms. Powell took an appeal to the EEOC, which has since been pending without final action.

**COUNT I**
**<u>(Retaliation)</u>**

39.) Plaintiff repeats the allegations contained in paragraphs 1 through 38 above, as though fully set forth here.

40.) On or about October 26, 2004, defendant issued a performance appraisal to plaintiff for Fiscal Year 2004, the substance of which was at the Marginally Acceptable level, although nominally denominated Acceptable.

41.) Plaintiff's performance for Fiscal Year 2004 was at or above the "Commendable" level.

42.) Defendant's Fiscal Year 2004 rating of plaintiff caused plaintiff to be denied an otherwise automatic increase in salary and to be eliminated for a performance bonus otherwise due her.

43.) When it took the foregoing actions, defendant knew of plaintiff's protected opposition to its unlawful employment practices and plaintiff's protected participation in EEO processes, including plaintiff's participation as the Aggrieved Party in the administrative discrimination complaints process, as the Complainant in proceedings before the EEOC, and as the plaintiff in initiating and pursuing suit in <u>Powell I</u>.

44.) In taking the foregoing actions, defendant materially and adversely altered the terms, conditions, salary, and privileges of plaintiff's employment with defendant and future employment with and outside the federal government, and took materially adverse action against Ms. Powell that would dissuade

a reasonable worker from making or supporting a charge of discrimination or retaliation.

45.) In taking the foregoing actions, defendant retaliated against plaintiff on account of her opposition to defendant's unlawful employment practices and her participation in protected EEO activity, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2003-3(a)).

46.) Defendant's violation of plaintiff's civil rights caused her to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

## COUNT II
### (Sex Discrimination)

47.) Plaintiff repeats the allegations contained in paragraphs 1 through 46 above, as though fully set forth here.

48.) On or about October 26, 2004, defendant issued a performance appraisal to plaintiff for Fiscal Year 2004, the substance of which was at the Marginally Acceptable level, although nominally denominated Acceptable.

49.) Plaintiff's performance for Fiscal Year 2004 was at or above the "Commendable" level.

50.) Defendant's Fiscal Year 2004 rating of plaintiff caused plaintiff to be denied an otherwise automatic increase in salary and to be eliminated for a performance bonus otherwise due her.

12

51.) In taking the foregoing actions, defendant materially and adversely altered the terms, conditions, salary, and privileges of plaintiff's employment with defendant and future employment with and outside of the federal government, and thereby subjected her to adverse employment action.

52.) In taking the foregoing actions, defendant discriminated against plaintiff on account of her sex, which is female.

53.) Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-2)), in taking the foregoing actions.

54.) Defendant's violation of plaintiff's civil rights caused her to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

## COUNT III
### (Acts of Retaliation and Retaliatory Hostile Work Environment)

55.) Plaintiff repeats the allegations contained in paragraphs 1 through 54 above, as though fully set forth here.

56.) Beginning no later than June 11, 2001, defendant rendered plaintiff's work environment severely and pervasively abusive and hostile and engaged in individual acts of discrimination and retaliation toward plaintiff in the manners specified in Powell I.

57.) As a direct and proximate result of plaintiff's continued participation in protected EEO activities, including her initiation and pursuit of Powell I, her continued protected

opposition to defendant's unlawful employment practices, and her continued protected participation in agency and EEOC complaints processes, defendant subjected plaintiff to one or more individual acts of retaliation and also rendered plaintiff's work environment severely and pervasively abusive and hostile by the following acts, among others:  issuing plaintiff a performance appraisal for Fiscal Year 2004 the substance of which was at the Marginally Acceptable level, although nominally denominated Acceptable; repeatedly denigrating plaintiff's work performance by describing her work as "shoddy;" stating that "[h]er work product is weak on analysis, with reasoning that lay people can pick apart;" stating that plaintiff's attempts to defend her work were "venomous" and lies; repeating these characterizations of plaintiff's work to staff members in the Office of Inspector General, attempted to explain its retaliation toward plaintiff by stating publicly that plaintiff was the kind of individual who sued her brother; and attempting to terminate her employment involuntarily and without cause.

58.) When it took the foregoing acts and actions, defendant knew of plaintiff's protected opposition to its unlawful employment practices and plaintiff's protected participation in EEO processes, including plaintiff's participation as the Aggrieved Party in the administrative discrimination complaints process, as the Complainant in proceedings before the EEOC, and as the plaintiff in initiating and pursuing suit in <u>Powell I</u>.

59.) In taking the foregoing actions, defendant materially and adversely altered the terms, conditions, salary, and privileges of plaintiff's employment with defendant and future employment with and outside the federal government, and took materially adverse action against Ms. Powell, including rendering her work environment actionably hostile, that would dissuade a reasonable worker from making or supporting a charge of discrimination or retaliation.

60.) In taking the foregoing actions, defendant retaliated against plaintiff on account of her opposition to defendant's unlawful employment practices and her participation in protected EEO activity, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2003-3(a)).

61.) Defendant's violation of plaintiff's civil rights caused her to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

## COUNT IV
**(Acts of Discrimination and Discriminatory Hostile Work Environment)**

62.) Plaintiff repeats the allegations contained in paragraphs 1 through 61 above, as though fully set forth here.

63.) Since the initiation of <u>Powell I</u>, defendant subjected plaintiff to one or more individual acts of discrimination and also rendered plaintiff's work environment severely and pervasively abusive and hostile by the following acts, among others:  issuing plaintiff a performance appraisal for Fiscal

Year 2004, the substance of which was at the Marginally Acceptable level, although nominally denominated Acceptable, and thereby causing plaintiff to be denied an otherwise automatic increase in salary and to be eliminated for a performance bonus otherwise due her; repeatedly denigrating plaintiff's work performance by describing her work as "shoddy;" stating that "[h]er work product is weak on analysis, with reasoning that lay people can pick apart;" stating that plaintiff's attempts to defend her work were "venomous" and lies; repeating these characterizations of plaintiff's work to staff members in the Office of Inspector General; attempted to explain its retaliation toward plaintiff by stating publicly that plaintiff was the kind of individual who sued her brother; and attempting to terminate her employment involuntarily and without cause.

64.) In taking the foregoing actions, defendant materially and adversely altered the terms, conditions, salary, and privileges of plaintiff's employment with defendant and future employment with and outside of the federal government, and thereby subjected her to adverse employment action.

65.) In taking the foregoing actions, defendant discriminated against plaintiff on account of her sex, which is female.

66.) Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-2)), in taking the foregoing actions.

67.) Defendant's violation of plaintiff's civil rights

caused her to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

### PRAYER FOR RELIEF

Wherefore, plaintiff Barbara K. Powell respectfully requests that the Court enter judgment in her favor and award her the following relief.

A.   An Order declaring that defendant violated plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and restraining and enjoining defendant from further violations.

B.   Backpay from October 24, 2004, through the present time in an amount equal to lost salary and performance bonus caused by defendant's unlawful appraisal of plaintiff's performance for Fiscal Year 2004.

C.   An increase in plaintiff's step and/or grade levels, both retroactive and current.

D.   Compensatory damages in an amount to be determined at trial to compensate plaintiff for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, career loss, loss of professional reputation, and loss of enjoyment of life caused by defendant's unlawful actions.

E.   Record correction.

F.   The attorneys' fees and costs incurred by plaintiff.

G.   Such other relief as may be just and appropriate.

**JURY DEMAND**

Plaintiff requests a trial by jury of all issues so triable.

Respectfully submitted,

_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100


_____
Molly E. Buie, Esq.
  D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C.  20004
(202) 955-6968

Counsel for Plaintiff

## CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
Barbara K. Powell

### DEFENDANTS
Ronald Rosenfeld, Chairman Federal Housing Finance Board

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __88888__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert C. Seldon, Esq.; Molly E. Buie, Esq.
Robert C. Seldon & Associates, PC
1319 F Street, NW, Suite 305
Washington, DC 20004 (202) 955-6968

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01693
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/24/2007
Description: Employ. Discrim.

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES
(FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)** OR **○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Discrimination and retaliation in federal employment Title VII, 42 U.S.C. 2000e-16.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 300,000.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE September 24, 2007   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.