UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA K. POWELL,<br><br>Plaintiff,<br><br>v.<br><br>RONALD A. ROSENFELD, CHAIRMAN,<br>FEDERAL HOUSING FINANCE BOARD,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Case No. 07-1693 (RMU)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant Federal Housing Finance Board (Defendant or Agency) hereby answers the Complaint and Demand for Jury Trial (Complaint) filed by Plaintiff Barbara K. Powell (Plaintiff) as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted to the extent she asserts claims as to which she has failed to exhaust all administrative remedies.

### THIRD DEFENSE

Plaintiff's claims, in whole or in part, may be barred by principles of issue preclusion or claim preclusion.

### FOURTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of the opportunities provided by Defendant and to otherwise avoid her alleged harm.

**FIFTH DEFENSE**

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted, it is denied. Moreover, in numerous paragraphs the Complaint refers to or quotes from unattached, external documents. Although, in response, Defendant may refer to such documents for their accurate and complete contents, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited document: (a) is correctly cited or quoted by Plaintiff; (b) is relevant to this, or any other, action; or (c) is admissible in this, or any other, action. Defendant answers as follows:

**Preliminary Statement**[1]

1.  Defendant admits that Plaintiff, Barbara K. Powell, is a Caucasian female. The remaining allegations set forth in Paragraph 1 are conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies such remaining allegations. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff in this or any other jurisdiction.

2.  As to the first sentence of Paragraph 2, the Agency: (a) admits that on April 6, 2004, it received a decision and fee award issued by an Equal Employment Opportunity Commission (EEOC) administrative judge (AJ) in Agency case number 2001-02, and (b) avers that on June 25, 2004, the EEOC vacated that decision and fee award. The Agency refers to the vacated decision and fee award for a complete and accurate statement of its contents. The Agency admits the allegation set forth in the second sentence of Paragraph 2.

---

[1] Merely for reference, Defendant replicates the headings contained in the Complaint herein. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required, Defendant denies the allegations contained in such headings.

3. As to Paragraph 3, the Agency admits that Plaintiff signed a performance evaluation for fiscal year 2004 on October 26, 2004, in which the overall rating of record was "Acceptable." The Agency denies the remaining allegations set forth in Paragraph 3 and specifically denies that Plaintiff was entitled to either a salary increase or a performance bonus. The Agency avers that under its merit based compensation program, no employee is guaranteed an automatic salary increase and there are no performance bonuses.

4. The Agency denies the allegations set forth in Paragraph 4. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff. The Agency avers that Plaintiff's salary only increased during her service as an employee of the Agency.

5. Paragraph 5 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 5. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff. The Agency avers that concerns about the quality of Plaintiff's work and work performance predate the initiation of Powell I (as defined in the Complaint).

6. Paragraph 6 contains Plaintiff's prayer for relief and conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 6. Further, the Agency specifically denies that Plaintiff is entitled to: (a) the relief sought or to any relief; or (b) attorney's fees and costs incurred in this action, in Powell I, or any of her administrative EEO actions; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a. The Agency also specifically denies all allegations of past, present, and future discrimination on any basis.

## Parties, Jurisdiction, and Venue

7. As to the first sentence of Paragraph 7, the Agency admits that Plaintiff is a Caucasian female and was employed by the Agency in a part-time, grade 14, excepted service position as counsel to the Agency's Inspector General (IG) from February 16, 1999, until April 15, 2005, when she voluntarily left the Agency purportedly to take a position as an administrative law judge with the Social Security Administration. As to the second sentence, the Agency admits that Plaintiff participated and continues to participate in EEO activity against Defendant in the agency administrative complaints process, before the EEOC, and in a civil action other than this, Powell I. The Agency is without sufficient information and belief to admit or deny the remaining allegations set forth in Paragraph 7 and, therefore, denies the same.

8. As to the first and fourth sentences of Paragraph 8, the Agency admits that Ronald A. Rosenfeld currently is the Chairman of the Agency's Board of Directors and that he is a defendant in this action only in his official capacity. As to the remainder of the first sentence, the Agency admits that it is an independent agency in the Executive branch of the government with the authority and responsibilities set forth in the Federal Home Loan Bank Act, 12 U.S.C. §§ 1421, et seq. As to the second and third sentences, the Agency admits that, in accordance with the Inspector General Act of 1978, it maintains an Office of Inspector General (OIG) and that Plaintiff was employed by the Agency in a part-time, grade 14, excepted service position as counsel to the Agency's IG from February 16, 1999, until April 15, 2005, when she voluntarily left the Agency purportedly to take a position as an administrative law judge with the Social Security Administration.

9. The allegations in Paragraph 9 are conclusions of law to which no response is required, except that the Agency admits that venue is proper in this Court. To the extent a

response is deemed required, the Agency denies the allegations set forth in Paragraph 9, except as to venue.

## Statement of Facts

### Background

10.  As to Paragraph 10, the Agency admits that Plaintiff was an attorney while employed with the Agency and voluntarily left the Agency on April 15, 2005, purportedly to take a position as an administrative law judge with the Social Security Administration. Plaintiff's characterization of herself as "highly accomplished" is a vague and ambiguous characterization, which the Agency is unable to admit or deny. The Agency is without sufficient information and belief to admit or deny the remaining allegations set forth in Paragraph 10 and, therefore, denies the same.

11.  The Agency is without sufficient information and belief to admit or deny the allegations set forth in Paragraph 11 and, therefore, denies the same.

12.  As to Paragraph 12, the Agency admits that Plaintiff was employed by the Agency in a part-time, grade 14, excepted service position as counsel to the Agency's IG from February 16, 1999, until April 15, 2005, when she voluntarily left the Agency purportedly to take a position as an administrative law judge with the Social Security Administration. The Agency also admits that the sole selecting official -- i.e., the person who was responsible for hiring Plaintiff after interviewing several candidates -- was the IG himself, Mr. Edward Kelly. The Agency denies that Plaintiff had any supervisory responsibilities. The Agency is without sufficient information and belief to admit or deny the remaining allegations set forth in Paragraph 12 and, therefore, denies the same.

**Prior Protected Activity**

13. The Agency denies the allegations set forth in Paragraph 13. The Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff. The Agency avers that the IG expressed concerns about the quality of Plaintiff's work and work performance as early as fiscal year 2000.

14. The Agency denies the allegations set forth in Paragraph 14. The Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff. The Agency avers that: (a) the OIG authorization to employ a full-time counsel to the IG was cancelled and that no full-time counsel to the IG position was ever filled; (b) Plaintiff was given the opportunity to adjust her work schedule to maintain a steady number of hours but refused to do so; and (c) the IG expressed concerns about the quality of Plaintiff's work and work performance as early as fiscal year 2000. Further, the last sentence of the paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in the last sentence.

15. The Agency denies the allegations set forth in Paragraph 15. The Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff. The Agency avers that on July 20, 2001, Plaintiff, for the first time since starting her employment with the Agency in February 1999, contacted the Agency EEO office to file an informal discrimination complaint.

16. As to Paragraph 16, the Agency admits that Plaintiff initiated at least five administrative EEO cases against the Agency before the EEOC. The Agency admits and avers that such cases included those denominated: (i) Agency Case No. 2001-01, EEOC No. 100-A2-7671X, Appeal No. 07A40097, Docket No. 05A41052; (ii) Agency Case No. 2003-01, EEOC

No. 100-2004-00313X; (iii) Agency Case No. 2003-02, EEOC No. 100-2004-00920X; (iv) Agency Case No. 2005-01, EEOC No. 100-2005-00881X, Appeal No. 0120072389; and (v) Agency Case No. 2006-01, Appeal No. 01A65013.

17. As to Paragraph 17, the Agency admits that Plaintiff initiated at least five administrative EEO cases against the Agency before the EEOC. The Agency admits and avers that such cases included those denominated: (i) Agency Case No. 2001-01, EEOC No. 100-A2-7671X, Appeal No. 07A40097, Docket No. 05A41052; (ii) Agency Case No. 2003-01, EEOC No. 100-2004-00313X; (iii) Agency Case No. 2003-02, EEOC No. 100-2004-00920X; (iv) Agency Case No. 2005-01, EEOC No. 100-2005-00881X, Appeal No. 0120072389; and (v) Agency Case No. 2006-01, Appeal No. 01A65013. The Agency, however, denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

18. As to Paragraph 18, the Agency admits that Plaintiff initiated <u>Powell I</u> on or about March 16, 2004, and that such action remains pending before this Court; however, the Agency denies that Plaintiff has been "pursuing" <u>Powell I</u> since its initiation.

**Protected Activity Leading Up to Powell I**

19. As to Paragraph 19, the Agency admits that on June 11, 2001, Plaintiff received a "fully successful" mid-point appraisal for fiscal year 2001 and that Mr. Kelley became aware of Plaintiff's EEO activity in late-July or early-August 2001. The Agency denies the remaining allegations set forth in Paragraph 19.

20. As to Paragraph 20, the Agency admits that Mr. Kelley became aware of Plaintiff's EEO activity in late-July or early-August 2001. The Agency avers that on July 20, 2001, Plaintiff, for the first time since starting her employment with the Agency in February

Case 1:07-cv-01693-RMU   Document 4   Filed 11/26/2007   Page 8 of 19

1999, contacted the Agency EEO office to file an informal discrimination complaint. The Agency denies the remaining allegations set forth in Paragraph 20.

21.  As to Paragraph 21, the Agency admits that an EEOC AJ issued an Order dated September 4, 2003, and refers to such order for a complete and accurate statement of its contents. The Agency denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

22.  As to Paragraph 22, the Agency admits that an EEOC AJ issued a Notice dated December 19, 2003, and refers to such notice for a complete and accurate statement of its contents. The Agency denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

23.  As to Paragraph 23, the Agency refers to the Notice, dated December 19, 2003, for a complete and accurate statement of its contents. The Agency denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

24.  As to Paragraph 24, the Agency denies the allegation set forth in the first clause of the paragraph and avers that on April 6, 2004, it received a decision and fee award issued by an EEOC AJ in Agency case number 2001-02. Moreover, the Agency avers that on June 25, 2004, the EEOC vacated that decision and fee award. The Agency refers to such vacated decision and fee award for a complete and accurate statement of its contents. The Agency denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

25.  As to Paragraph 25, the Agency refers to the aforementioned vacated decision and fee award for a complete and accurate statement of its contents. The Agency denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

26. The Agency admits the allegation set forth in the first sentence of Paragraph 26. The Agency denies the allegations set forth in the first clause of the second sentence and avers that it filed an answer in <u>Powell I</u> on August 27, 2004. The Agency admits that in <u>Powell I</u> it filed a Motion to Dismiss and for Summary Judgment, or in the Alternative, For Summary Adjudication on November 16, 2004, and a Motion to Dismiss on January 14, 2005.

27. The Agency admits the allegations set forth in Paragraph 27.

28. The Agency admits the allegations set forth in Paragraph 28 and refers to the Memorandum Opinion and Order for a complete and accurate statement of its contents.

29. The Agency denies the allegation set forth in the first clause of Paragraph 29 and avers that on July 20, 2001, Plaintiff, for the first time since starting her employment with the Agency in February 1999, contacted the Agency EEO office to file an informal administrative complaint. The Agency admits that certain of its employees became aware of Plaintiff's EEO activity after July 20, 2001, when she filed her first informal administrative complaint, and incorporates by reference its responses to Paragraphs 19 through 27.

## **Continued Discrimination and Retaliation**

30. As to Paragraph 30, the Agency admits that Plaintiff signed a performance evaluation for fiscal year 2004 on October 26, 2004.

31. The Agency denies the allegation set forth in the first clause of Paragraph 31. As to the second clause, the Agency admits that Plaintiff signed a performance evaluation for fiscal year 2004 on October 26, 2004, in which the overall rating of record was "Acceptable." As to the third clause, the Agency admits that an "Acceptable" rating is below a "Fully Successful" rating and avers that the Agency's then applicable performance rating system consisted of five

tiers -- from highest to lowest: Outstanding, Commendable, Fully Successful, Acceptable, and Unacceptable.

32. As to the first two clauses of Paragraph 32, the Agency admits that Plaintiff signed a performance evaluation for fiscal year 2004 on October 26, 2004, in which the rating for each performance element was "Acceptable," and avers that the Agency's then applicable performance rating system consisted of five tiers -- from highest to lowest: Outstanding, Commendable, Fully Successful, Acceptable, and Unacceptable. The Agency denies that the aforementioned performance evaluation contained false statements and refers to such evaluation for a complete and accurate statement of its contents.

33. The Agency denies the allegations set forth in Paragraph 33 and avers that under its merit based compensation program, no employee is guaranteed an automatic salary increase and there are no performance bonuses.

34. Paragraph 34 contains conclusions of fact and law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 34. The Agency avers that Plaintiff contested the performance evaluation through the Agency's administrative grievance process and that the grievance committee unanimously upheld the individual element and overall ratings after considering input from both Plaintiff and Mr. Kelley. The Agency denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

35. Paragraph 35 sets forth a series of alleged statements made by an indeterminate number of unnamed persons or stated in certain uncited documents. To the extent Plaintiff alleges that Defendant Ronald A. Rosenfeld made such statements, the Agency denies the totality of the allegations set forth in Paragraph 35. To the extent Plaintiff quotes or draws its

allegations from certain uncited documents, the Agency refers to such documents for a complete and accurate statement of their contents. Otherwise, the Agency lacks knowledge or information sufficient to respond to the allegations set forth in Paragraph 35, as they are vague and ambiguous, and therefore, denies the same. In further response, the Agency avers that (a) the only attempt to terminate Plaintiff occurred in August 2003 upon the issuance of a proposed notice of removal, which was rescinded in September 2003, and determined by the Court in Powell I as an insufficient basis to support a claim; and (b) concerns about the quality of Plaintiff's work and work performance predate the initiation of Powell I. The Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

36. The Agency denies the allegations set forth in Paragraph 36. The Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

**Exhaustion of Administrative Remedies**

37. The allegations in Paragraph 37 are conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 37. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

38. As to the first sentence of Paragraph 38, the Agency admits: (a) on December 3, 2004, Plaintiff contacted the Agency EEO office and followed with a formal complaint of discrimination, denominated Agency Case No. 2005-01, but avers that such complaint was filed on January 14, 2005; (b) on August 21, 2005, Plaintiff contacted the Agency EEO office and followed with a formal complaint of discrimination, denominated Agency Case No. 2006-01, but

avers that such complaint was filed on October 13, 2005; (c) Plaintiff amended Agency Case No. 2005-01 once on March 29, 2005; (d) on August 14, 2005, Plaintiff requested a hearing before an EEOC AJ in Agency Case No. 2005-01; (e) on April 20, 2007, Plaintiff appealed the AJ's decision granting the Agency's motion for summary judgment to the EEOC's Office of Federal Operations (OFO); and (f) on October 25, 2005, and August 26, 2006, Plaintiff filed appeals in Agency Case No. 2006-01 with the OFO. The Agency denies that Plaintiff amended Agency Case No. 2006-01. As to the second sentence of Paragraph 38, the Agency admits that: (a) on June 28, 2007, the OFO affirmed the AJ's decision granting the Agency's motion for summary judgment in Agency Case No. 2005-01, and (b) Plaintiff filed this Complaint within 90 days of June 28, 2007. As to the third sentence of Paragraph 38, the Agency admits that: (a) on June 5, 2006, the OFO remanded Agency Case No. 2006-01 to the Agency; (b) on August 17, 2006, the Agency decided not to accept Agency Case No. 2006-01 for investigation; (c) Plaintiff filed an appeal of the Agency's non-investigation decision with the OFO but avers that the appeal was filed on August 26, 2006; and (d) the OFO has not issued a decision on such appeal as of the date of this Answer.

## Count I

39.    In response to Paragraph 39, the Agency incorporates by reference its responses to Paragraphs 1 through 38 above.

40.    As to Paragraph 40, the Agency admits only that Plaintiff signed a performance evaluation for fiscal year 2004 on October 26, 2004, in which the overall rating of record was "Acceptable," and avers that the Agency's then applicable performance rating system consisted of five tiers -- from highest to lowest: Outstanding, Commendable, Fully Successful, Acceptable, and Unacceptable.

41. The Agency denies the allegations set forth in Paragraph 41.

42. The Agency denies the allegations set forth in Paragraph 42. The Agency avers that, under its merit based compensation program, no employee is guaranteed an automatic salary increase and there are no performance bonuses.

43. As to Paragraph 43, the Agency admits that it knew of Plaintiff's EEO and related litigation activity after July 20, 2001. The Agency denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

44. Paragraph 44 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 44. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff and avers that Plaintiff's salary only increased during her service as an employee of the Agency.

45. Paragraph 45 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 44. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

46. Paragraph 46 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 44. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

### Count II

47. In response to Paragraph 47, the Agency incorporates by reference its responses to Paragraphs 1 through 46 above.

48.     As to Paragraph 48, the Agency admits only that Plaintiff signed a performance evaluation for fiscal year 2004 on October 26, 2004, in which the overall rating of record was "Acceptable," and avers that the Agency's then applicable performance rating system consisted of five tiers -- from highest to lowest: Outstanding, Commendable, Fully Successful, Acceptable, and Unacceptable.

49.     The Agency denies the allegations set forth in Paragraph 49.

50.     The Agency denies the allegations set forth in Paragraph 50. The Agency avers that under its merit based compensation program, no employee is guaranteed an automatic salary increase and there are no performance bonuses.

51.     Paragraph 51 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 51. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff and avers that Plaintiff's salary only increased during her service as an employee of the Agency.

52.     As to Paragraph 52, the Agency admits that Plaintiff is a female. The remaining allegations set forth in Paragraph 52 are conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies such remaining allegations. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

53.     Paragraph 53 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 53. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

54.     Paragraph 54 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 54. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

### Count III

55.     In response to Paragraph 55, the Agency incorporates by reference its responses to Paragraphs 1 through 54 above.

56.     Paragraph 56 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 51. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

57.     Paragraph 57 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 57 through the colon on the sixth line of page 14; and, as to the remaining allegations, responds that such allegations contain a series of alleged statements made by an indeterminate number of unnamed persons or stated in certain uncited documents. To the extent Plaintiff alleges that Defendant Ronald A. Rosenfeld made such statements, the Agency denies the totality of these remaining allegations. To the extent Plaintiff quotes or draws its allegations from certain uncited documents, the Agency refers to such documents for a complete and accurate statement of their contents. Otherwise, the Agency lacks knowledge or information sufficient to respond to these remaining allegations, as they are vague and ambiguous, and therefore, denies the same. In further response, the Agency avers that: (i) Plaintiff signed a performance evaluation for fiscal year 2004 on October 26, 2004, in which the overall rating of

record was "Acceptable;" (ii) the Agency's then applicable performance rating system consisted of five tiers -- from highest to lowest: Outstanding, Commendable, Fully Successful, Acceptable, and Unacceptable; (iii) concerns about the quality of Plaintiff's work and work performance predate the initiation of Powell I; and (iv) the only attempt to terminate Plaintiff occurred in August 2003 upon the issuance of a proposed notice of removal, which was rescinded in September 2003, and determined by the Court in Powell I as an insufficient basis to support a claim. The Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

58.     As to Paragraph 58, the Agency admits that certain of its employees became aware of Plaintiff's EEO activity after July 20, 2001, when she filed her first informal administrative complaint. The Agency denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

59.     Paragraph 59 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 59. The Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff. Further, the Agency avers that: (a) Plaintiff's salary only increased during her service as an employee of the Agency, and (b) Plaintiff voluntarily left the Agency for a higher paying position purportedly as an administrative law judge with the Social Security Administration.

60.     Paragraph 60 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 60. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

61. Paragraph 61 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 61. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

### Count IV

62. In response to Paragraph 62, the Agency incorporates by reference its responses to Paragraphs 1 through 61 above.

63. Paragraph 63 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 63 through the colon on the last line of page 15; and, as to the remaining allegations, responds that such allegations contain a series of alleged statements made by an indeterminate number of unnamed persons or stated in certain uncited documents. To the extent Plaintiff alleges that Defendant Ronald A. Rosenfeld made such statements, the Agency denies the totality of these remaining allegations. To the extent Plaintiff quotes or draws its allegations from certain uncited documents, the Agency refers to such documents for a complete and accurate statement of their contents. Otherwise, the Agency lacks knowledge or information sufficient to respond to these remaining allegations, as they are vague and ambiguous, and therefore, denies the same. The Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff. Further the Agency avers that: (a) Plaintiff signed a performance evaluation for fiscal year 2004 on October 26, 2004, in which the overall rating of record was "Acceptable;" (b) the Agency's then applicable performance rating system consisted of five tiers -- from highest to lowest: Outstanding, Commendable, Fully Successful, Acceptable,

and Unacceptable; and (c) concerns about the quality of Plaintiff's work and work performance predate the initiation of Powell I.

64.  Paragraph 64 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 64. The Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff. Further, the Agency avers: (a) Plaintiff's salary only increased during her service as an employee of the Agency, and (b) Plaintiff voluntarily left the Agency for a higher paying position purportedly as an administrative law judge with the Social Security Administration.

65.  As to Paragraph 65, the Agency admits that Plaintiff is a female. The remaining allegations set forth in Paragraph 65 are conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies such remaining allegations. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

66.  Paragraph 66 contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 66. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

67.  Paragraph 67 contains conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraph 67. Further, the Agency specifically denies that any unlawful, discriminatory, or retaliatory actions took place against Plaintiff.

**Prayer for Relief**

A.  Paragraphs A through G contain Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraphs A through G and specifically denies that Plaintiff is entitled to any relief whatsoever; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a. Any relief is further limited by 42 U.S.C. § 2000e-5(g)(2)(B). The Agency also specifically denies all allegations of past, present, and future discrimination on any basis.

WHEREFORE, having fully answered, the Agency respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award the Agency its fees, costs, and other expenses, and such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: November 26, 2007
       Washington, D.C.

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

OF COUNSEL:
Janice A. Kaye
Thomas P. Jennings
Office of the General Counsel
Federal Housing Finance Board

BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*