UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA K. POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 04-0423 (RMU) |
| ) | |
| ALICIA R. CASTANEDA, CHAIRMAN, ) | |
| FEDERAL HOUSING FINANCE BOARD, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| BARBARA K. POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 07-1693 (RMU) |
| ) | |
| RONALD A. ROSENFELD, CHAIRMAN, ) | |
| FEDERAL HOUSING FINANCE BOARD, ) | |
| ) | |
| Defendant. ) | |

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

The parties to the above action respectfully submit the following Joint Report to the Court, in accordance with Rule 16, Fed. R. Civ. P., and LCvR 16.3. Pursuant to minute entries on the dockets of Powell v. Rosenfeld, Civ. Case No. 04-0423 (RMU) ("Powell I"), and Powell v. Rosenfled, Civ. Case No. 07-1693 (RMU) ("Powell II"), this report sets forth the parties' positions on discovery in both Powell I and Powell II.

Statement of the Cases:

A.   Plaintiff: Plaintiff initiated Powell I on March 16, 2004. It is an action by Ms. Powell, the former counsel to the Inspector General of the Federal Housing Finance Board, in which she alleges

- 1 -

that in a variety of ways specified in the Court's Memorandum Opinion and Order of September 26, 2005, and her pending motion for partial reconsideration, defendant subjected her to discrimination and retaliation that manifested themselves in a number of adverse employment actions, materially adverse actions, and a hostile work environment. Plaintiff initiated Powell II on September 24, 2007, alleging that the agency continued to discriminate and retaliate against her in actions occurring after Powell I and as a result of her participation in the agency discrimination complaint process; as the Complainant before the EEOC; and as the plaintiff in Powell I. Specifically, Powell II alleges that plaintiff's performance appraisal for Fiscal Year 2004 was at a lowered level as a product of discrimination, and caused plaintiff to be denied an otherwise automatic increase in salary and to be eliminated for a performance bonus otherwise due her. Continuing the actions at issue in Powell I, Powell II alleges that defendant continued to denigrate plaintiff's work performance without cause and wrongfully attempted to secure the termination of her employment. These actions were the products of defendant's sex discrimination and retaliation against plaintiff for her protected EEO activity.

B. Defendant: The Defendant denies all allegations raised herein, and maintains that the actions taken by the Federal Housing Finance Board ("FHFB") and its officials with respect to Plaintiff were reasonable, justified, and not in violation of the law. Moreover, Defendant specifically disputes that Plaintiff prevailed in part before the EEOC, as the above referenced decision was vacated in

its entirety, rendering it without effect. *See* Decision, Powell v. Korsmo, EEOC Doc. 07-A-40097, 2004 WL 1494439 (E.E.O.C. June 25, 2004); Denial of Request for Reconsideration, Powell v. Korsmo, EEOC Doc. 05-A-41052, 2004 WL 2331011 (E.E.O.C. Oct. 8, 2004).

1.) Resolution By Dispositive Motion: Plaintiff takes the position that neither Powell I nor Powell II can be resolved on a motion to dismiss. Defendant does not currently intend to file any further motions to dismiss in Powell I or Powell II, but believes that both actions can be resolved by dispositive motion at the conclusion of discovery.

2.) Amendment of Pleadings: Neither party presently anticipates amending pleadings in either action.

3.) Assignment to a Magistrate Judge: Plaintiff and Defendant consent to the assignment of discovery disputes and ADR to a Magistrate Judge. Defendant does not consent to the assignment of other matters to a Magistrate Judge. If Defendant's position changes, Plaintiff will be prepared to consider such an assignment.

4.) Settlement Possibility: Plaintiff believes that settlement discussions could bring about a resolution of both actions and is prepared to engage in them at any time defendant is amenable. Although Defendant believes the parties to be far apart as to a potential settlement, Defendant remains ready, willing and able to discuss any reasonable settlement proposals with Plaintiff.

5.) ADR: Plaintiff believes that ADR could bring about a resolution of both actions and is prepared to engage in ADR at any time defendant is amenable. Although Defendant believes the parties

to be far apart as to a potential settlement, Defendant is amenable to attempt ADR to resolve the actions.

6.) <u>Resolution on Summary Judgment</u>: Plaintiff takes the position that neither action can be decided on summary judgment. Defendant believes that both actions can be resolved on summary judgment.

7.) <u>Initial Disclosures</u>: The parties agree that initial disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court should be made within 45 days of the Court's adjudication of Plaintiff's Motion for Partial Reconsideration, filed on October 31, 2007 in <u>Powell I</u>. However, if the Court prefers another deadline, the parties propose that initial disclosures be made 45 days after the Court's issuance of an initial scheduling order.

8.) <u>Extent of Discovery</u>: Plaintiff and Defendant agree that discovery should run for five months, commencing 30 days after the parties make initial disclosures. Plaintiff and Defendant propose that discovery be conducted pursuant to the presumptive discovery limitations set out in the Federal Rules of Civil Procedure, with such limitations being applied collectively to both actions.

9.) <u>Expert Witnesses</u>: Plaintiff and Defendant do not currently anticipate the need for expert witnesses. If either party believes they require an expert witness, the parties will confer and present the Court with a proposed expert discovery schedule.

10.) <u>Class Action Issues</u>: Not relevant.

11.) <u>Bifurcation Of Liability And Damages</u>: The parties do not anticipate a need to bifurcate either action.

12.) <u>Date for Pretrial Conference</u>:  The parties agree that a status conference should be scheduled after the close of discovery. At that conference, the parties will report whether they wish to proceed to ADR and/or begin summary judgment scheduling and shall move the Court to schedule such proceedings.

13.) <u>Trial Date</u>:  The parties propose that a trial dates for both actions be set at the pre-trial conference or at a status conference after summary judgment is resolved.

14.) <u>Other Matters</u>:  Counsel for the parties are committed to working cooperatively with one another to secure the entry of a protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure, of information covered by the Privacy Act, 5 U.S.C. §552a, and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the course of both cases that are not presently foreseen.

Further, the parties have submitted on this date a joint motion to formally consolidate <u>Powell I</u> and <u>Powell II</u> for discovery and settlement purposes, without prejudice to further motions for consolidation or severance in the future.

*   *   *

Respectfully submitted,

_____//s//_____  
Robert C. Seldon, Esq.  
D.C. Bar No. 245100

_____//s//_____  
Molly E. Buie, Esq.  
D.C. Bar No. 483767  
Robert C. Seldon & Associates., P.C.  
1319 F Street, N.W.  
Suite 200  
Washington, D.C.  20004  
202) 393-8200

Counsel for Plaintiff

_____/s/_____  
JEFFREY A. TAYLOR  
D.C. Bar #498610  
United States Attorney

_____/s/_____  
RUDOLPH CONTRERAS  
D.C. Bar #434122  
Assistant United States Attorney

_____/s/_____  
BRIAN P. HUDAK  
Assistant United States Attorney  
555 4th Street, NW  
Washington, DC 20530  
(202) 514-7143

Attorneys for Defendant

December 12, 2007

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 12th day of December, 2007, I caused the foregoing Joint Report Pursuant to Local Rule 16.3 to be served on counsel of record, including Plaintiff's counsel, via the court's Electronic Case Filing System (ECF).

Dated: December 12, 2007
       Washington, D.C.

                                         Respectfully submitted,

                                         /s/
                                         BRIAN P. HUDAK
                                         Assistant United States Attorney
                                         Civil Division
                                         555 4th Street, NW
                                         Washington, DC 20530
                                         (202) 514-7143
                                         brian.hudak@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA K. POWELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALICIA R. CASTANEDA, CHAIRMAN, )<br>FEDERAL HOUSING FINANCE BOARD, )<br>)<br>Defendant. )<br>) | Civil Case No. 04-0423 (RMU) |
| BARBARA K. POWELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RONALD A. ROSENFELD, CHAIRMAN, )<br>FEDERAL HOUSING FINANCE BOARD, )<br>)<br>Defendant. )<br>) | Civil Case No. 07-1693 (RMU) |

**[PROPOSED] INITIAL SCHEDULING ORDER**

Upon consideration of the Joint Report Pursuant to Local Rule 16.3, dated December 12, 2007, and the entire record herein, it is hereby:

ORDERED that this Initial Scheduling Order shall govern discovery in both Powell v. Rosenfeld, Civ. Case No. 04-0423 (RMU) ("Powell I"), and Powell v. Rosenfeld, Civ. Case No. 07-1693 (RMU) ("Powell II");

ORDERED that the parties shall serve the initial disclosures required by Fed. R. Civ. P. 26(a)(1) within forty-five (45) days of Court's ruling on Plaintiff's Motion for Partial Reconsideration, filed on October 31, 2007 in Powell I;

ORDERED that discovery shall commence thirty (30) days after the exchange of initial disclosures and be concluded five (5) months thereafter;

ORDERED that discovery shall be subject to the limits of the Federal Rules of Civil Procedure and the Local Rules, which shall be applied collectively to both actions;

ORDERED that if expert discovery becomes necessary the parties shall confer, advise the Court, and propose an expert discovery schedule;

ORDERED that a date for a status conference shall be set after the conclusion of discovery, at which the parties will report whether they wish to proceed with additional ADR and/or set forth a schedule for dispositive motions.

ORDERED that a date for a pretrial conference shall be set after resolution of any post-discovery summary judgment motions.

_____                    _____
Date                                        RICARDO M. URBINA
                                            United States District Judge